UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHMAD S. KHAN,<br><br>               Plaintiff,<br>    v.<br><br>AMAZON INC., et al,<br><br>               Defendants. | CASE NO. C24-2152JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Ahmad S. Khan's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (Mot. (Dkt. # 12); *see* 5/28/25 Order (Dkt. # 9) (dismissing Mr. Khan's complaint); Judgment (Dkt. # 10).) The court DENIES the motion.

Mr. Khan asserts that the court should (1) amend its judgment because the court made multiple "manifest errors of law and fact" under Rule 59(e), and (2) grant him relief from judgment under Rule 60(b) because "extraordinary, continuing, government-scale

ORDER - 1

obstruction has made it impossible for [him] to obtain a merits ruling." (*Id.* at 6.) Specifically, he faults the court for, among other things: (1) relying on an "obsolete" version of the complaint filed as Docket No. 1 rather than a purported "amended complaint" that he filed as an attachment to that complaint (*see* Compl. (Dkt. # 1); Am. Compl. (Dkt. # 1-1)); (2) failing to consider evidence attached to a purported "emergency motion for urgent judicial support" that he emailed to Magistrate Judge Brian A. Tsuchida and did not file on the docket (*see* Mot. at 6 (acknowledging that he "confidentially sent" the purported emergency motion to Magistrate Judge Tsuchida)); and (3) ignoring "multiple attempts on [Mr. Khan's] life" and other serious crimes that Defendants and their associates have allegedly committed against his person. (*See generally* Mot.)

The court dismissed this action, however, based on Mr. Khan's failure to show cause why the court should not dismiss this case without prejudice for failure to serve any Defendant within the time period set forth in Federal Rule of Civil Procedure 4(m), which was extended by three weeks when Magistrate Judge Tsuchida granted Mr. Khan's motion for an extension of the service deadline. (*See* Mot. to Extend (Dkt. # 4) at 1-2; 3/19/25 Order (Dkt. # 5); OSC (Dkt. # 6).) The court carefully reviewed Mr. Khan's response to the order to show cause and found that he had not shown good cause for his failure to serve Defendants or for an additional extension of the service deadline. (*See generally* OSC Resp (Dkt. # 7); 5/28/25 Order.) After reviewing Mr. Khan's current motion, the court continues to hold this view. First, whether Mr. Khan intended to serve the complaint found at Docket No. 1 or the amended complaint at Docket No. 1-1 is

immaterial where Mr. Khan's response to the order to show cause did not address the reasons behind his failure to serve any Defendant with either version of the complaint within the timeframe he sought and was granted. Second, the court does not consider motions sent to it directly by email, nor does it consider requests for relief contained within other filings. Rather, Federal Rule of Civil Procedure 7(b)(1) provides that a "request for a court order must be made by motion[,]" Fed. R. Civ. P. 7(b)(1), and this District's Local Civil Rules provide that the moving party "shall file the motion and proposed order with the clerk," Local Rules W.D. Wash. LCR 7(b)(1).[1] Finally, if Mr. Khan believes that he has been and continues to be the victim of serious crimes committed by Defendants, his recourse is to alert law enforcement, rather than file a civil case.

Therefore, for the foregoing reasons, the court DENIES Mr. Khan's motion to alter or amend the judgment or for relief from judgment (Dkt. # 12).

Dated this 27th day of June, 2025.

JAMES L. ROBART
United States District Judge

---

[1] For the same reason, the court does not address the many requests for relief Mr. Khan made in his response to the order to show cause and in his current motion to alter or amend the judgment or for relief from judgment.

ORDER - 3